**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED
2010 JAN 12 PM 4: 17
WESTERN U.S. DISTRICT COURT
DISTRICT OF TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO: EP-17-MJ-4461-MAT |
| | ) | |
| JOSE FRANCIS YANES-MANCIA | ) | |

## ORDER

Before the Court is a Motion to Reconsider (ECF No. 41) filed by Defendant, and a Response (ECF No. 45) filed by the Government. A bench trial was held on December 1, 2017, during which the parties stipulated to certain facts and Defendant was found guilty and sentenced to one-year non-reporting probation. (ECF No. 48).

The motion incorporates by reference all arguments raised in the motion to dismiss and during trial (ECF No. 41, at 1). Defendant also raises an Eighth Amendment cruel and unusual punishment claim. *Id.* The Government responds that Defendant has failed to satisfy the standard required for the Court to grant such a motion. (ECF No. 45, at 2).

"Although a motion for reconsideration of a district court order affecting final judgment is nowhere explicitly authorized by the Federal Rules of Criminal Procedure, it has long been recognized as a legitimate procedural device." *United States v. Elizondo*, 277 F. Supp. 2d 691, 695 (S.D. Tex. 2002) (collecting cases). Motions for reconsideration should only be granted in extraordinary circumstances, *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004), because they "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *S.E.C. v. Life Partners Holdings, Inc.*, 41 F. Supp. 3d 550, 562 (W.D. Tex. 2013) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Furthermore, "motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of judgment or to re-urge matters that have

already been advanced by a party." *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

Defendant does not provide newly discovered evidence, identify a manifest error of law or fact, or otherwise establish any prejudicial error. Inasmuch as Defendant raises novel arguments, the Court declines to consider them. Thus, for the reasons articulated in the Opinion (ECF No. 50),[1]

**IT IS ORDERED** that Defendant's Motion to Reconsider (ECF No. 41) is **DENIED.**

**SIGNED and ENTERED** this __12__ day of January, 2018.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that during the bench trial on December 1, 2017, a little more than one month after the date of arrest, Defendant asserted that he had not had any contact with his minor child. The Government did not dispute this assertion.